UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHKHEN THORNTON,<br><br>                            Plaintiff,<br><br>            v.<br><br>MACY'S RETAIL HOLDINGS, INC.,<br><br>                            Defendant. | CIVIL ACTION<br>NO. 4:20-40045-TSH |

**ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO COMPEL ARBITRATION (Docket No. 73)**

**March 29, 2022**

**HILLMAN, D.J.**

Plaintiff Ashkhen Thornton brings this action against her former employer, defendant Macy's Retail Holdings, Inc., ("Macy's"), alleging workplace discrimination, retaliation, and harassment. Macy's moves to compel arbitration. (Docket No. 73). For the following reasons, the Court ***grants*** the motion.

**Background**

*1. Facts*

The following facts are drawn from the plaintiff's complaint and the documents submitted in connection with Macy's motion to compel arbitration. *See Cullinane v. Uber Techs., Inc.*, 893 F.3d 53, 55 (1st Cir. 2018).

The plaintiff began working at Macy's on September 17, 2007. In July 2013, she received a promotion. The plaintiff alleges that, following her promotion, she was subjected to

discrimination, harassment, and retaliation, based on her look, age, language, personality, and identity. Macy's terminated the plaintiff's employment on August 8, 2014.

Macy's abides by a dispute resolution program called Solutions InSTORE. The program is applicable to all Macy's employees, with certain exceptions not relevant here. The program follows four steps. First, an employee may raise a concern with a supervisor or local manager. Second, an employee may request an investigation by the human resources department. Third, an employee may pursue reconsideration in front of a panel of the employee's peers or a trained professional. And fourth, an employee may institute binding arbitration.

Under the program, "all employment-related legal disputes . . . shall be settled exclusively by final and binding arbitration." By participating in the program, employees "waive the right to civil action and a jury trial." An employee may opt out of binding arbitration, but only if the employee does so within thirty days of the employee's hire date.

On September 20, 2007, the plaintiff electronically signed an acknowledgment form stating that she agrees to use all four steps of the Solutions InSTORE program (including arbitration); that the only way to opt out of the fourth step (arbitration) is to do so within thirty days of hire; that the program's process for resolving disputes will continue to apply after her employment ends; and that she has received certain documents concerning the program, such as a brochure.

The Solutions InSTORE brochure clarifies that when an employee is covered by the fourth step of the program, the employee and Macy's "agree to use arbitration as the sole and exclusive means to resolving any dispute regarding [the employee's] employment" and that "both waive the right to civil action and a jury trial." The brochure also contains the Solutions InSTORE plan document and the opt-out election form. The plan document reiterates that all employees "agree, as a condition of employment, to arbitrate any and all disputes, including statutory and other

claims, not resolved at Step 3." The plan document further states that that "[i]f a party files a lawsuit in court to resolve claims subject to arbitration, both [parties] agree that the court shall dismiss the lawsuit and require the claim to be resolved through the Solutions InSTORE program." The opt-out election form reiterates that an employee has thirty days following the employee's hire date to opt out of binding arbitration, and that the choice an employee makes "will stay in effect for the entire duration of [the employee's] employment and afterwards."

A senior manager of Solutions InSTORE at Macy's avers that the company's records indicate that the plaintiff did not return an opt-out form after beginning her employment with the company. The plaintiff does not disagree.

### 2. *Procedural History*

In December 2014, following her termination, the plaintiff filed a charge of discrimination with the Massachusetts Commission against Discrimination ("MCAD"). (Docket No. 47-1). In December 2016, the MCAD issued a decision, concluding that the plaintiff's claim lacked probable cause. (Docket No. 47-3).

In April 2020, the plaintiff, proceeding *pro se*, commenced this action in federal court, alleging discrimination, retaliation, and harassment. (Docket No. 1). In December 2020, Macy's moved to dismiss for failure to state a claim, arguing that the plaintiff had failed to exhaust her administrative remedies and that certain of her claims were untimely. (Docket No. 46). The Court referred the motion to a Magistrate Judge, who recommended denying the motion as to the plaintiff's discrimination and retaliation claims. (Docket No. 66). The Court adopted the Magistrate Judge's recommendation. (Docket No. 69). In April 2021, Macy's moved to compel arbitration. (Docket No. 73). Macy's requests that the Court dismiss, or in the alternative stay, the action.

**Discussion**

Macy's argues that the plaintiff entered into a binding agreement to arbitrate all employment-related claims, including the claims asserted in this case. The plaintiff contends that she is no longer bound by the agreement because Macy's terminated her employment. The plaintiff also takes issue with Macy's failure to remind her of the Solutions InSTORE program upon her termination.

Under the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA reflects a liberal federal policy favoring arbitration. *See Campbell v. Gen. Dynamics Gov't Sys. Corp.*, 407 F.3d 546, 551 (1st Cir. 2005). To compel arbitration, a movant must demonstrate (1) that a valid agreement to arbitrate exists, (2) that the movant is entitled to invoke the arbitration clause, (3) that the other party is bound by that clause, and (4) that the claim asserted comes within the clause's scope. *Nat'l Fed'n of the Blind v. The Container Store, Inc.*, 904 F.3d 70, 79-80 (1st Cir. 2018). By and large, "arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). Here, Macy's has made the requisite showing to compel arbitration.

First, a valid agreement to arbitrate exists. Shortly after the plaintiff began working at Macy's, she electronically signed an acknowledgement form stating that she agreed to participate in the Solutions InSTORE program, including arbitration. The form confirmed that she had received certain program documents, including the plan document. The plan document reiterates that all employees "agree, as a condition of employment, to arbitrate any and all disputes, including statutory and other claims." The record indicates that the plaintiff did not elect to opt out of binding arbitration, even though she had the opportunity to do so, within thirty days of her hire date.

4

Under Massachusetts law, a personnel policy or similar document can constitute an express or implied contract in certain contexts; for example, when an employee signs the policy, or when the policy is presented to the employee as a condition of employment. *See Weber v. Community Teamwork, Inc.*, 752 N.E.2d 700, 714 (Mass. 2001); *O'Brien v. New England Tel. & Tel. Co.*, 664 N.E.2d 843, 848 (Mass. 1996). Here, as stated, the plaintiff electronically signed a document acknowledging that she agreed to participate in the Solutions InSTORE program, which was presented to her as a condition of her employment. In similar circumstances, courts have concluded that an agreement to arbitrate exists. *See Daniels v. Raymours Furniture Co., Inc.*, 2014 WL 1338151, at *5 (D. Mass. Mar. 21, 2014); *Ellerbee v. GameStop, Inc.*, 604 F. Supp. 2d 349, 355 (D. Mass. 2009); *Gonzalez v. GE Group Adm'rs, Inc.*, 321 F. Supp. 2d 165, 168 (D. Mass. 2004).

To the extent the plaintiff argues that Macy's waived its contractual right to arbitrate by failing to provide her with information about the Solutions InSTORE program upon her termination, the Court rejects that argument. As explained, the plaintiff, by acknowledging that she agreed to participate in the program (including arbitration), and by accepting and continuing employment at Macy's, entered into a valid agreement to arbitrate. The existence of the agreement does not turn on whether Macy's later failed to remind the plaintiff of the agreement. Indeed, a party does not waive its right to arbitrate merely by failing to invoke an arbitration clause when a dispute first arises. *See Toddle Inn Franchising, LLC v. KPJ Assocs., LLC*, 8 F.4th 56, 64 (1st Cir. 2021) (party's mere delay in invoking arbitration does not constitute waiver); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 16 (1st Cir. 2005) (employer does not waive right to arbitrate by failing to initiate arbitration during administrative proceedings). Discerning no prejudice to the plaintiff, the Court finds that Macy's has not waived its right to arbitrate here.

Second, Macy's, as a party to the agreement, is entitled to invoke the arbitration clause. *See BPP Retail Props., LLC v. N. Am. Roofing Servs., Inc.*, 338 F. Supp. 3d 75, 77 (D.P.R. 2018).

Third, contrary to the plaintiff's assertion, she is bound by the agreement even though she is no longer employed by Macy's. It is presumed that an arbitration clause will survive the termination of the underlying contract of which it is a part. *See Biller v. S-H OpCo Greenwich Bay Manor, LLC*, 961 F.3d 502, 513 (1st Cir. 2020). A dispute that arises out of the underlying contract will remain subject to arbitration unless post-expiration arbitration is "negated expressly or by clear implication." *Id.* (citing *S. Bay Boston Mgmt. v. Unite Here, Local 26*, 587 F.3d 35, 43 (1st Cir. 2009)). Here, the plaintiff's claims relate directly to her employment at Macy's, and the documents constituting the arbitration agreement indicate that binding and exclusive arbitration will continue to apply post-termination. The acknowledgement form states that the Solutions InSTORE process "continues to apply" to employment-related disputes described in the brochure and plan document "even after [the employee's] employment ends." The opt-out election form attached to the brochure, moreover, states that decision to stay covered by the arbitration policy will apply throughout the duration of the employee's employment "and afterwards." Accordingly, even though the plaintiff is no longer employed by Macy's, the plaintiff remains bound by the arbitration clause.

Finally, the plaintiff's claims fall within the scope of the arbitration agreement. The plan document states that "all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law . . . shall be settled exclusively by final and binding arbitration." This language "indicates an intent to arbitrate a broad scope of claims." *United States ex rel. Hagerty v. Cyberonics, Inc.*, 146 F. Supp. 3d 337, 348 (D. Mass. 2015). The plan document also

provides that arbitration applies to "claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, . . . state discrimination statutes, state statutes, and/or common law regulating employment termination."

Here, the plaintiff alleges that her co-workers and managers at Macy's subjected her to discrimination, harassment, and retaliation. Her co-workers commented on her "older" age and "national language." She complained to supervisors, but they accused her of underperformance, and they ultimately terminated her employment. These actions, the plaintiff asserts, were discriminatory and retaliatory. Because the plaintiff's claims relate to her employment at Macy's, the arbitration agreement encompasses this dispute. *See Colón v. AT & T Mobility P.R., Inc.*, 261 F. Supp. 3d 251, 256 (D.P.R. 2017); *Baker v. Securitas Security Servs. USA, Inc.*, 432 F. Supp. 2d 120, 124-25 (D. Me. 2006); *Gonzalez*, 321 F. Supp. 2d at 170.

Having concluded that the plaintiff is bound by a valid arbitration agreement that covers her asserted claims, the Court will dismiss the action. *See Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 156 n.21 (1st Cir. 1998).

## Conclusion

For the reasons stated, the motion to compel arbitration (Docket No. 73) is ***granted***, and the case is ***dismissed***.

**SO ORDERED**

                                                */s/ Timothy S. Hillman*
                                                **TIMOTHY S. HILLMAN**
                                                **DISTRICT JUDGE**